**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-80017-CIV-DIMITROULEAS**

TERRANCE JUSTICE, ANDREA HATFIELD, DEBBIE FINN, and KAREN DOTSON, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

RHEEM MANUFACTURING COMPANY,

Defendant.
_______________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Amended Class Action Complaint (the "Motion") [DE 25], filed herein on April 14, 2014. The Court has carefully considered the Motion [DE 25], the Response [DE 29] and the Reply [DE 44]. The Court is otherwise fully advised in the premises.

## I. BACKGROUND[1]

The parties to this action are Plaintiff Terrance Justice ("Justice"), Plaintiff Andrea Hatfield ("Hatfield"), Plaintiff Debbie Finn ("Finn"), Plaintiff Karen Dotson ("Dotson" and together with Justice, Hatfield, and Finn, "Plaintiffs'), and Defendant Rheem Manufacturing Company ("Rheem" or "Defendant"). Defendant manufactures and sells consumer central air conditioning units ("Rheem ACs"). [DE 20 ¶ 1]. Each Plaintiff owns a Rheem AC. [*Id.* ¶¶ 21-24].

Rheem ACs—like all air conditioners—include an essential component known as an

[1] The background facts are taken exclusively from the Amended Complaint [DE 20].

evaporator coil, which contains refrigerant (e.g. Freon, Puron, etc.). [*Id.* ¶¶ 2-3]. Rheem has traditionally used copper tubing to manufacture the evaporator coils. [*Id.* ¶ 4]. Copper tubing, however, is uniquely vulnerable to a type of degradation known as formicary corrosion, which causes evaporator coils to leak refrigerant. [*Id.* ¶¶ 4-5]. Moreover, volatile organic compounds—which are given off by household products such as cleaning products, air fresheners, and cosmetics—cause formicary corrosion. [*Id.* ¶¶ 5-6]. Evaporator coil leakage, as caused by formicary corrosion, is difficult to detect and usually requires consumers to repeatedly refill air conditioners with refrigerant until the coil fails. [*Id.* ¶ 7].

Air conditioner manufacturers have employed reasonable design and manufacturing techniques to lessen or prevent the incidence of formicary corrosion. [*Id.* ¶ 10]. For example, manufacturers can make evaporator coils out of aluminum, which is not susceptible to formicary corrosion, or they can protect evaporator coils with polymer sealant or tin plating. [*Id.* ¶ 11]. Until 2013, however, Rheem did not employ any of these techniques. [*Id.* ¶¶ 11-13]. Rather, it continued to design and manufacture Rheem ACs with copper evaporator coils ("Rheem Coils") and to replace Rheem Coils with similarly defective Rheem Coils. [*Id.*]. As of 2013, Rheem began to sell replacement coils manufactured from aluminum. [*Id.* ¶ 13].

Rheem has not informed its customers of the Rheem Coils' susceptibility to formicary corrosion, the existence of replacement coils that are not susceptible to formicary corrosion, or the causes of formicary corrosion. [*Id.* ¶¶ 14-16]. Rheem's standard practice in response to leaks is to replace refrigerant rather than the defective Rheem Coils. [*Id.* ¶ 17]. Consequently, Rheem has not honored its express and implied warranties as to Rheem ACs. [*Id.* ¶¶ 18-20].

Based on this conduct, Plaintiffs bring this class action against Rheem on behalf of the following nationwide consumer classes:

> All persons residing in the United States who purchased a Rheem AC containing a Rheem Coil, primarily for personal, family, or household purposes.
>
> All persons residing in the United States who purchased a Rheem AC containing a Rheem Coil, primarily for personal, family, or household purposes, and who paid to replace a Rheem AC evaporator coil.

[*Id.* ¶ 29]. Plaintiffs assert the following causes of action: (1) Count I – Express Warranty (on behalf of Plaintiffs, the Classes, and Subclasses); (2) Count II – Implied Warranty of Merchantability (on behalf of Plaintiffs, the Classes, and Subclasses); (3) Count III – Implied Warranty of Fitness for a Particular Purpose (on behalf of Plaintiffs, the Classes, and Subclasses); (4) Count IV – Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (on behalf of Plaintiff Justice and Florida Subclasses); (5) Count V – Alabama Deceptive Trade Practices Act ("ADTPA") (on behalf of Plaintiff Hatfield and Alabama Subclasses); (6) Count VII – South Carolina Unfair Trade Practices Act ("SCUTPA") (on behalf of Plaintiff Finn and South Carolina Subclasses;[2] (7) Count VIII – Georgia Fair Business Practices Act ("GFBPA") (on behalf of Plaintiff Dotson and Georgia Subclasses); (8) Count IX – Unjust Enrichment (on behalf of Plaintiffs, the Classes, and Subclasses); (9) Count X – Fraudulent Concealment (on behalf of Plaintiffs, the Classes, and Subclasses); and (10) Count XI – Declaratory Relief (on behalf of Plaintiffs, the Classes, and Subclasses). [*Id.* ¶¶ 98-190]. Through the instant Motion [DE 25], Defendant, pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), seeks dismissal of all counts.

---

[2] The Amended Complaint jumps from "Count V" to "Count VII" and does not include a "Count VI." *See* [DE 20 ¶¶ 138-47]. For ease of reference, the Court will address each count with the same numbering used in the Amended Complaint [DE 20].

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

**B. Rule 9(b)**

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted). The heightened pleading requirements of Rule 9(b) apply to claims for fraudulent concealment. *Aprigliano v. Am. Honda Motor Co., Inc.*, 979 F. Supp. 2d 1331, 1342-43 (S.D. Fla. 2013).

## III. DISCUSSION

Defendant asserts separate arguments for dismissal of each of Plaintiffs' ten counts. The Court will consider each count in turn.[3]

**A. Express Warranty (Count I)**

Defendant asserts three primary arguments in support of dismissal of Plaintiffs' express warranty claim. First, Defendant contends that the express warranty claim fails as a matter of law because Plaintiffs failed to give the requisite notice of the purported breach. Second,

[3] "Absent a controlling choice of law provision [in a contract], federal courts sitting in diversity apply the choice of law rules of the forum state." *De Leon v. Bank of Am., N.A. (USA)*, No. 6:09–cv–1251–Orl–28KRS, 2009 WL 3822392, at *5 (M.D. Fla. Nov. 16, 2009) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941); *McMahon v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001)). For torts, Florida courts utilize a "most significant relationship test." *Id.* For contract claims, Florida courts utilize the rule of *lex loci contractus*. *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 992 F. Supp. 2d 1259, 1263 (S.D. Fla. 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So.2d 1160, 1163 (Fla. 2006)). Here, Defendant asserts that Florida law applies to all counts except for Counts V, VII and VIII, which arise under Alabama, South Carolina, and Georgia statutes, respectively. *See* [DE 25 at 8 n.5]. Plaintiffs do not contest Defendant's assertion and repeatedly reference Florida law in their arguments. *See* [DE 29 at 6-17]. Thus, the Court finds that there is no dispute that Florida's choice of law rules lead to the application of Florida law as to all counts except Counts V, VII, and VIII.

Defendant asserts that the express warranty's limitations bar the relief sought by Plaintiffs. Third, Defendant asserts that the express warranty is not void as unconscionable.

**1. Whether Plaintiffs Provided Notice**

"To plead a cause of action for breach of express warranties under the Florida Uniform Commercial Code, a complaint must allege: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty." *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1339-40 (S.D. Fla. 2011) (internal footnote omitted) (citing *Dunham–Bush, Inc. v. Thermo–Air Serv., Inc.*, 351 So. 2d 351, 353 (Fla 4th DCA 1977)). "'[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy,'" and "[t]his notice requirement is a valid precondition of imposing liability on a seller of goods." *Gen. Matters, Inc. v. Paramount Canning Co.*, 382 So. 2d 1262, 1263-64 (Fla. 2d DCA 1980) (quoting Fla Stat. § 672.607(3)(a))). "[T]he burden is on the plaintiff to show that he gave the required notice within a reasonable time." *Id.* at 1264.

According to Defendant, Plaintiffs' allegations, if true, do not show that Plaintiffs provided the requisite notice. In response, Plaintiffs maintain that they have adequately alleged facts showing that Defendant received notice of the breach. Plaintiffs rely on the following allegations:

> As a matter of practice, when a Coil fails due to formicary corrosion, Rheem requires its authorized dealers/service technicians to obtain the failed Coil from the AC owner and return it to Rheem as part of its warranty protocol; otherwise Rheem will not credit the dealer/technician for the work done. In this way, Rheem maintains exclusive control over all evidence relating to the (defective) failed Coils, failure rates and in particular root cause analysis of copper Coil failures[.]

[DE 20 ¶ 43]. Accordingly, Plaintiffs submit that they notified Defendant via Defendant's authorized service technicians who repaired or replaced defective Rheem Coils.

The Court finds that Plaintiffs have adequately alleged facts showing that they, within a reasonable time, notified Rheem of the purported breaches of the express warranty. The allegations indicate that each Plaintiff experienced a malfunction with a Rheem AC, contacted a service technician, and obtained repairs and/or replacements related to defective Rheem Coils. *See* [DE 20 ¶¶ 48-50, 54-58, 63, 68-71]. If those allegations are true, Plaintiffs—via service technicians—provided Rheem with reasonable notice of problems with Rheem Coils.

**2. Whether the Warranty Limitations Bar the Requested Relief**

"Under Florida law, a written warranty is treated as a contract between buyer and seller and therefore may, by its terms, limit the remedies available." *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1318-19 (S.D. Fla. 2009) (internal citations omitted) (collecting cases). Nevertheless, "even when the parties agree upon a particular remedy [via a warranty], resort can be had to the additional remedies of the UCC if the agreed-upon remedy fails of its essential purpose." *Parsons v. Motor Homes of Am., Inc.*, 465 So. 2d 1285, 1292 (Fla. 1st DCA 1985) (internal quotations omitted); *see also* Fla. Stat. § 672.719(2) ("Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this code.").

The relevant warranty for the Rheem ACs provides, in pertinent part, as follows:

> THE MANUFACTURER'S SOLE LIABILITY WITH RESPECT TO DEFECTIVE PARTS OR FAILURE SHALL BE AS SET FORTH IN THIS LIMITED WARRANTY, AND ANY CLAIMS FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES ARE EXPRESSLY EXCLUDED.

[DE 20-5 at 1]. Relying on this language, Defendant asserts that Plaintiffs' breach of warranty claims are limited to repair or replacement of Plaintiffs' Rheem Coils. According to Defendant, therefore, Plaintiffs cannot obtain the monetary and declaratory relief sought through the Amended Complaint.

In response, Plaintiffs assert that the warranty is void because it has failed its essential purpose. Plaintiffs rely on allegations that the units installed in their four homes ceased cooling on eight occasions, required the replacement of Rheem Coils on five occasions, and involved subsequent failures of replacement Rheem Coils on three occasions. *See* [DE 20 ¶¶ 48-50, 54, 58, 63, 68, 70]. Plaintiffs maintain that these allegations, if true, demonstrate that the warranty materially fails its essential purpose of assuring that Rheem ACs are functional.

The Court finds that Plaintiffs have failed to allege facts showing that the warranty is void for failing its essential purpose. According to the allegations, Rheem is able to repair or replace components of Rheem ACs in order to render the units functional and capable of providing cooling. The allegations reveal that Plaintiffs' Rheem ACs functioned normally, without any repair or replacement, for periods ranging from one (1) year to nearly (4) years and that repairs or replacements were provided when the units ceased cooling. *See* [DE 20 ¶¶ 53-54, 58, 61, 63, 68, 70]. These allegations exhibit a functioning warranty that led to repairs, rather than a warranty that failed to provide Plaintiffs with meaningful recourse whenever their Rheem ACs ceased cooling. Thus, the essential purpose doctrine does not render the warranty void.

**3. Whether the Warranty Is Void As Unconscionable**

A party must establish both procedural and substantive unconscionability in order to void a contract. *Pendergast v. Sprint Nextel Corp*., 592 F.3d 1119, 1134 (11th Cir. 2010) (collecting cases). "To determine whether a contract is procedurally unconscionable under Florida law, courts must look to: (1) the manner in which the contract was entered into; (2) the relative bargaining power of the parties and whether the complaining party had a meaningful choice at the time the contract was entered into; (3) whether the terms were merely presented on a 'take-it-or-leave-it' basis; and (4) the complaining party's ability and opportunity to understand the

disputed terms of the contract." *Id.* at 1135. "Under Florida law, a central question in the procedural unconscionability analysis is whether the consumer has an absence of meaningful choice in whether to accept the contract terms." *Id.*

"[S]ubstantive unconscionability focuses on the terms of the agreement itself and whether the terms of the contract are 'unreasonable and unfair.'" *Id.* at 1139. The focus is "on those terms of the contract itself which amount to an outrageous degree of unfairness to the same contracting party. Florida generally defines substantive unconscionability in reference to an agreement no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." *Id.* (internal citations and quotations omitted).

Defendant submits that Plaintiffs' allegations demonstrate neither procedural nor substantive unconscionability. With respect to procedural unconscionability, Defendant asserts that that mere inequality in bargaining power is not a sufficient reason to hold a warranty unenforceable. Defendant additionally notes that it provided the warranty to Plaintiffs in a short document with readable font. With respect to substantive unconscionability, Defendant asserts that the warranty comports with standard industry warranties and requires Rheem to repair or replace any part that fails in normal use and service. Defendant, therefore, maintains that the warranty—which guarantees that Plaintiffs receive functioning air conditioning units—is not unreasonable or unfair.

In response, Plaintiffs argue that the allegations, if true, reveal procedural and substantive unconscionability. With respect to procedural unconscionability, Plaintiffs focus on allegations that they either did not receive copies of the warranty or received copies only after the defective Rheem ACs were installed in their homes. Hence, Plaintiffs could not negotiate the warranty's terms. As to substantive unconscionability, Plaintiffs assert that the warranty limitations allow

Defendant either to mask the defect by continually refilling leaking refrigerant or to replace defective Rheem Coils with new sets of defective Rheem Coils. Defendant can continue those practices until the warranties out and Defendants' customers have no further recourse to repair or replace defective Rheem ACs. Thus, Plaintiffs submit that the warranty limitations, coupled with the defective Rheem Coils, create an unjust and inequitable situation for Rheem's customers.

The Court finds that the warranty is not void as unconscionable. The warranty requires Rheem to repair or replace any part that "fails in [its] normal use and service." [DE 20-5 at 1]. Those terms do not create an outrageous degree of unfairness for purchasers of Rheem ACs. Accordingly, there is no substantive unconscionability. Absent any substantive unconscionability, the warranty is not void.[4]

### B. Implied Warranty of Merchantability (Count II) and Implied Warranty of Fitness for a Particular Purpose (Count III)

Defendant submits that the implied warranty claims fail because Plaintiffs have not alleged that they are in privity with Defendant. In response, Plaintiffs assert that the presence or absence of privity is a factual question that should not be decided on a motion to dismiss. Plaintiffs further assert that the implied warranties are applicable because Defendant warranted the Rheem ACs directly to the end users of those units, regardless of the existence of intermediary sellers/dealers.

[4] It is unclear whether, under Florida law, courts must evaluate substantive and procedural unconscionability simultaneously in a balancing exercise or may stop the analysis after finding either category of unconscionability to be independently lacking. *Pendergrast*, 592 F.3d at 1134. Under the balancing exercise, "the more procedurally unconscionable the contract is, the less evidence of substantive unconscionability is required, although some substantive unconscionability must be present." *Abdul-Rasheed v. KableLink Commc'n, LLC*, No. 8:13–cv–879–T–24 MAP, 2013 WL 6182321, at *4 (M.D. Fla. Nov. 25, 2013). Here, there is no substantive unconscionability, and at best, there is minor procedural unconscionability. Thus, regardless of whether the balancing exercise is used, the Court finds that the warranty is not void as unconscionable.

For the following reasons, the Court agrees with Defendant and finds that Plaintiffs' implied warranty claims fail. "[I]t is clear that under Florida law a plaintiff may not recover on a breach of implied warranty claim absent privity of contract." *Mardegan v. Mylan, Inc.*, No. 10–14285–CIV, 2011 WL 3583743, at *6 (S.D. Fla. Aug. 12, 2011); *see also David*, 629 F. Supp. 2d at 1321-23 (collecting cases). Plaintiffs do not allege that they were in privity of contract with Rheem. Rather, three of the Plaintiffs allege that they purchased their Rheem ACs from third parties, whereas one Plaintiff provides no allegations as to the seller of her Rheem AC. *See* [DE 20 ¶¶ 45, 51, 59, 65]. Thus, Plaintiffs have failed to state claims for breaches of implied warranties, and the Court will dismiss Counts II and III.

**C. <u>FDUTPA (Count IV)</u>**

Defendant asserts three arguments in favor of dismissal of Plaintiff Justice's FDUTPA claim. First, Defendant argues that the four-year statute of limitations bars the FDUTPA claim. Second, Defendant contends that Justice has not pleaded the FDUTPA claim with the heightened particularity required under Rule 9(b). Third, Defendant asserts that Justice has failed to allege sufficient causation.

For the following reasons, the Court finds that the statute of limitations bars Justice's FDUTPA claim.[5] FDUTPA claims are subject to a four-year statute of limitations, which accrues on the date of the sale of the subject product. *Matthews v. Am. Honda Motor Co., Inc.*, No. 12–60630–CIV, 2012 WL 2520675, at *3-4 (S.D. Fla. June 6, 2012); *S. Motor Co. of Dade Cnty. v. Doktorczyk*, 957 So. 2d 1215, 1218 (Fla. 3rd DCA 2007) (holding that FDUTPA claim accrued on the date of sale of the subject warranty, even though the plaintiff made additional warranty payments after that date). "It is well-settled there is no 'delayed discovery rule' applicable to FDUTPA claims." *Speier-Roche v. Volkswagen Grp. of Am. Inc.*, No. 14–20107–

[5] Because the claim is time-barred, the Court need not consider Defendant's alternative arguments.

CIV, 2014 WL 1745050, at *6 (S.D. Fla. Apr. 30, 2014) (citing *Marlborough Holdings Grp., Ltd. v. Azimut–Benetti*, 505 F. App'x 899, 906 (11th Cir. 2013)).

Plaintiff Justice alleges that he purchased his Rheem AC in May 2009. The four-year statute of limitations, therefore, expired as of May 2013. Because Justice did not file this action until January 7, 2014, the FDUTPA claim is time-barred.

Moreover, Justice's attempt to bypass the statute of limitations is unavailing. Justice asserts that equitable estoppel should apply because of Defendants' fraudulent concealment of the defective Rheem Coils. However, Justice has not established the requisite elements for equitable estoppel based on fraudulent concealment.

"A plaintiff seeking to toll the statute of limitations as a result of fraudulent concealment must allege . . . (1) successful concealment of the cause of action, (2) fraudulent means to achieve that concealment, and (3) plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of his claim." *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13–61686–CIV, 2013 WL 6328734, at *6 (S.D. Fla. Dec. 5, 2013) (internal quotations omitted). Moreover, "[a] fraudulent concealment claim is subject to [Rule 9(b)]'s requirement that the circumstances constituting fraud shall be stated with particularity. Under Rule 9(b), the circumstances of the fraud must be alleged with specificity, *i.e.* the who, what, when, where, and how' of the alleged fraud." *Speier-Roche*, 2014 WL 1745050, at *7 (internal quotations omitted).

The Amended Complaint does not provide any factual allegations as to the who, what, when, where, and how of Defendant's conduct in concealing any Rheem AC defects from Justice. Moreover, there are no allegations demonstrating that Justice exercised reasonable care and diligence in seeking to discover facts underlying any FDUTPA claim. Rather, Justice

alleges only that he "purchased a Rheem AC from All Year Cooling in Fort Lauderdale, Florida" and that he "was not told, nor did Rheem disclose, that Rheem ACs contained Rheem Coils that were defective, because they were unreasonably susceptible to formicary corrosion and failure, which would cause the air conditioning units to cease cooling or leak." *See* [DE 20 ¶¶ 45-46]. These allegations do not provide any specifics as to Rheem's purported fraud or Justice's purported care and diligence. Accordingly, the Court will not apply equitable estoppel to Justice's FDUTPA claim. The Court will dismiss Count IV.

**D. <u>ADTPA (Count V), SCUTPA (Count VII), and GFBPA (Count VIII)</u>**

Plaintiffs concede to the dismissal of their ADTPA, SCUTPA, and GFBPA counts. *See* [DE 29 at 16-17]. Accordingly, the Court will dismiss Counts V, VII, and VIII.

**E. <u>Unjust Enrichment (Count IX)</u>**

Defendant seeks dismissal of Plaintiffs' unjust enrichment claim on the basis that Plaintiffs have an adequate remedy at law. Specifically, Defendant notes that Plaintiffs allege the existence of an express contract (i.e., the warranty) and that the existence of that contract precludes the equitable relief of unjust enrichment.

In response, Plaintiffs contend that they may plead in the alternative at this stage. Accordingly, Plaintiffs assert that their alternative allegations as to legal claims do not require dismissal of their equitable claim of unjust enrichment.

For the following reasons, the Court agrees with Plaintiffs. "Under Florida law, [t]he elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *David*, 639 F. Supp. 2d at 1324 (internal quotations

omitted). "[U]njust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy"; therefore, "a party may not maintain an action for unjust enrichment if the damages sought are covered by an express contract." *Id.* (internal quotations and citations omitted). Nevertheless, alternative pleading is permitted under the Rules, and dismissal may be premature pre-answer where it is unclear if the existence and enforceability of a contract will be at issue. *See, e.g., Liva v. Mendolia*, No. 9:13–cv–81047–KAM, 2014 WL 2118814, at *5 (S.D. Fla. May 21, 2014) (allowing plaintiff to proceed with unjust enrichment claim where "no answer to the Complaint has been filed yet [and] it is unclear at this stage whether existence and enforceability of the contract are at issue in this case.").

Plaintiffs have adequately alleged facts showing that they conferred profits on Defendant by purchasing Rheem ACs, that Defendant retains those profits, and that such retention is inequitable because the Rheem ACs contain defective Rheem Coils. Furthermore, it is unclear at this stage whether Plaintiffs may subsequently plead valid claims based on any applicable warranties. Thus, the Court will not dismiss Count IX.

### F. <u>Fraudulent Concealment (Count X)</u>

Defendant submits that Plaintiffs have failed to plead the elements of fraud with the requisite particularity under Rule 9(b). In response, Plaintiffs assert that they have alleged sufficient facts surrounding Defendant's concealment of the defects with the Rheem Coils. Plaintiffs rely on allegations that Defendant knew the Rheem Coils were unreasonably susceptible to premature leaks when used under normal conditions, did not inform its customers of that problem, represented via its advertising materials that the Rheem Coils were fit for their ordinary purpose, and replaced refrigerant and/or Rheem Coils whenever a Rheem AC failed.

According to Plaintiffs, these allegations are sufficient to support a claim for fraudulent concealment at this stage, where discovery has not yet occurred.

The Court finds that Plaintiffs have failed to state a claim for fraudulent concealment. "Causes of action for fraud, fraudulent misrepresentation, fraudulent inducement and fraudulent concealment have identical elements, which are: (1) false statement of material fact or suppression of truth by the defendant; (2) the defendant knew or should have known the statement was false, or made the statement without knowledge as to truth or falsity; (3) the defendant intended the false statement or omission induce the plaintiff's reliance; and (4) the plaintiff justifiably relied to his detriment." *Grills v. Philip Morris USA, Inc*., 645 F. Supp. 2d 1107, 1122-23 (M.D. Fla. 2009). The heightened pleading requirements under Rule 9(b) apply to these causes of action. *Id.* at 1123.

Plaintiffs have not alleged facts showing that they justifiably relied on false statements of material fact or suppressions of truth by Defendant. Plaintiffs provide only a threadbare, conclusory allegation that they "justifiably acted or relied upon the concealed and/or nondisclosed facts to their detriment, as evidenced by their purchase of, or replacements using, the Coils." [DE 20 ¶ 182]. Plaintiffs also provide vague allegations as to the circumstances surrounding the purchases of Rheem ACs. *See* [*id.* ¶¶ 45-47, 51-53, 59-61, 65-66]. There are no allegations—detailed or otherwise—explaining why each Plaintiff chose a Rheem AC. There are no allegations—detailed or otherwise—showing that each Plaintiff would have chosen a different brand of air conditioner had (s)he known that Rheem Coils were subject to formicary corrosion, that Rheem ACs might require refilling refrigerant after one (1) or more years, or that Rheem ACs might require replacement coils after one (1) or more years. The allegations do not show that any Plaintiff, when determining to purchase a Rheem AC, considered the components

of Rheem ACs, the inclusion of Rheem Coils, the possibility of formicary corrosion, the existence of other coil technology, the average frequency or cost of repairs for Rheem ACs, or the qualities of competing products. Thus, even if Plaintiffs have adequately alleged some elements of a fraudulent concealment, the allegations are insufficient to show that Plaintiffs relied on any facts that were falsely stated or concealed by Defendant. The Court will dismiss Count X.

**G. <u>Declaratory Relief (Count XI)</u>**

Defendant provides two reasons for dismissal of Plaintiffs' count for declaratory relief. First, Defendant asserts that declaratory relief is improper where the issues are properly raised in other counts of the pleadings. Second, Defendant asserts that Plaintiffs have failed to allege facts showing a substantial likelihood that Plaintiffs will suffer injury in the future.

Plaintiffs maintain that declaratory relief is available when there is a live dispute between the parties, regardless of whether that relief is similar to the relief sought through other counts. Additionally, Plaintiffs assert that they are entitled to pleading in the alternative. Finally, Plaintiffs assert that they adequately allege that they will suffer financial injury in the future as a result of the defective Rheem Coils.

For the following reasons, the Court finds that Plaintiffs have adequately stated a claim for declaratory relief. "Breach-of-contract and declaratory-relief claims may be pleaded alternatively," and "[i]f any inconsistencies exist, they can be dealt with at summary judgment or through jury instructions." *Ocean's 11 Bar & Grill, Inc. v. Indemnity Ins. Corp. of DC*, No. 11–61577–CIV, 2011 WL 3843931, at *3 (S.D. Fla. Aug. 26, 2011) (internal citations omitted). Moreover, "[i]n order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must

allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp*., 193 F.3d 1342, 1346 (11th Cir. 1999).

Plaintiffs' declaratory judgment count is consistent with these principles. First, Plaintiffs' may plead in the alternative. Therefore, Plaintiffs' other causes of action do not—at least at this stage—preclude the assertion of a claim for declaratory judgment.

Second, Plaintiffs have adequately alleged facts demonstrating a substantial likelihood of injury in the future. Specifically, Plaintiffs allege that they possess defective Rheem ACs, which, absent relief, will cease functioning after the expiration of any applicable warranties. *See, e.g.*, [DE 20 ¶¶ 84-86, 189-90]. Those allegations show future injury, namely that Plaintiffs will be without recourse when their Rheem ACs fail. Thus, the Court will not dismiss Count XI.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 25] is **GRANTED IN PART AND DENIED IN PART**;
2. Counts I, II, III, IV, V, VII, VIII, and X are hereby **DISMISSED WITHOUT PREJUDICE**[6]; and
3. Plaintiffs may file a second amended complaint on or before September 4, 2014.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 21st day of August, 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

[6] Under Rule 15, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court will dismiss the insufficient causes of action without prejudice and provide Plaintiffs with an opportunity to replead in an attempt to remedy any curable deficiencies.

Copies provided to:

Counsel of record