UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80017-CIV-DIMITROULEAS

TERRANCE JUSTICE, ANDREA HATFIELD,
DEBBIE FINN, and KAREN DOTSON, on
behalf of themselves and all others similarly
situated,

      Plaintiffs,

vs.

RHEEM MANUFACTURING COMPANY,

      Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPLAINT**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Second Amended Class Action Complaint (the "Motion") [DE 57], filed herein on October 13, 2014. The Court has carefully considered the Motion [DE 57], the Response [DE 58] and the Reply [DE 64]. The Court is otherwise fully advised in the premises.

### I.    BACKGROUND[1]

The parties to this action are Plaintiff Terrance Justice ("Justice"), Plaintiff Andrea Hatfield ("Hatfield"), Plaintiff Debbie Finn ("Finn"), Plaintiff Karen Dotson ("Dotson"), Plaintiff Michael Young ("Young"), Plaintiffs Steven and Nancy Ross (the "Ross Plaintiffs"), Plaintiff Chas summers ("Summers"), and Plaintiff Kelvin Wise ("Wise" and collectively "Plaintiffs'); and Defendant Rheem Manufacturing Company ("Rheem" or "Defendant"). Defendant manufactures and sells consumer central air conditioning units ("Rheem ACs"). [DE 51 ¶ 1]. Each Plaintiff owns a Rheem AC. [*Id.* ¶¶ 23-30].

---

[1] The background facts are taken exclusively from the Second Amended Complaint [DE 51] (the "SAC").

1

Rheem ACs—like all air conditioners—include a component known as an evaporator coil, which contains refrigerant (e.g. Freon, Puron, etc.). [*Id.* ¶ 2]. Rheem has traditionally used copper tubing to manufacture the evaporator coils. [*Id.* ¶ 4]. Copper tubing, however, is uniquely vulnerable to a type of degradation known as formicary corrosion, which causes evaporator coils to leak refrigerant. [*Id.* ¶¶ 4-6]. Moreover, volatile organic compounds—which are given off by household products such as cleaning products, air fresheners, and cosmetics—cause formicary corrosion. [*Id.* ¶¶ 6-7]. Evaporator coil leakage, as caused by formicary corrosion, is difficult to detect and usually requires consumers to repeatedly refill air conditioners with refrigerant until the coil fails. [*Id.* ¶ 8].

Air conditioner manufacturers have employed reasonable design and manufacturing techniques to lessen or prevent the incidence of formicary corrosion. [*Id.* ¶ 11]. For example, manufacturers can make evaporator coils out of aluminum, which is not susceptible to formicary corrosion, or they can protect evaporator coils with polymer sealant or tin plating. [*Id.* ¶ 11]. Until 2013, however, Rheem did not employ any of these techniques. [*Id.* ¶¶ 11-13]. Rather, it continued to design and manufacture Rheem ACs with copper evaporator coils ("Rheem Coils") and to replace Rheem Coils with similarly defective Rheem Coils. [*Id.*]. As of 2013, Rheem began to sell replacement coils manufactured from aluminum. [*Id.* ¶ 15].

Rheem has not informed its customers of the Rheem Coils' susceptibility to formicary corrosion, the existence of replacement coils that are not susceptible to formicary corrosion, or the causes of formicary corrosion. [*Id.* ¶¶ 16-17]. Rheem's standard practice in response to leaks is to replace refrigerant rather than the defective Rheem Coils. [*Id.* ¶ 19]. Consequently, Rheem has not honored its express and implied warranties as to Rheem ACs. [*Id.* ¶¶ 18-20].

Based on this conduct, Plaintiffs bring this class action against Rheem on behalf of the

following nationwide consumer classes:

> All persons residing in the United States who purchased a Rheem AC containing a Rheem Coil, primarily for personal, family, or household purposes.
>
> All persons residing in the United States who purchased a Rheem AC containing a Rheem Coil, primarily for personal, family, or household purposes, and who paid to replace a Rheem AC evaporator coil.

[*Id.* ¶ 35]. Plaintiffs assert the following causes of action: (1) Count I – Express Warranty (on behalf of Plaintiffs, the Classes, and Subclasses); (2) Count II – Implied Warranty of Merchantability (on behalf of Plaintiffs, the Classes, and Subclasses); (3) Count III – Implied Warranty of Fitness for a Particular Purpose (on behalf of Plaintiffs, the Classes, and Subclasses); (4) Count IV – Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (on behalf of Plaintiff Justice and Florida Subclasses); (5) Count V – Alabama Deceptive Trade Practices Act ("ADTPA") (on behalf of Plaintiff Hatfield and Alabama Subclasses); (6) Count VI – South Carolina Unfair Trade Practices Act ("SCUTPA") (on behalf of Plaintiff Finn and South Carolina Subclasses); (7) Count VII – Georgia Fair Business Practices Act ("GFBPA") (on behalf of Plaintiff Dotson and Georgia Subclasses); (8) Count VIII – Unjust Enrichment (on behalf of Plaintiffs, the Classes, and Subclasses); and (9) Count IX – Declaratory Relief (on behalf of Plaintiffs, the Classes, and Subclasses). [*Id.* ¶¶ 147-228]. Through the instant Motion [DE 57], Defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules"), seeks dismissal of all counts.[2]

## II.   STANDARD OF REVIEW

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate

---

[2] While the instant Motion states summarily that it relies on both Rule 12(b)(6) and Rule 9(b), in the body of the Motion the Defendant does not appear to rely on Rule 9(b) as a basis for dismissal for any of the counts. [DE 57].

3

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

Defendant asserts separate arguments for dismissal of each of Plaintiffs' nine counts. The Court will consider each count in turn.[3]

---

[3] "Absent a controlling choice of law provision [in a contract], federal courts sitting in diversity apply the choice of law rules of the forum state." *De Leon v. Bank of Am., N.A. (USA)*, No. 6:09–cv–1251–Orl–28KRS, 2009 WL 3822392, at *5 (M.D. Fla. Nov. 16, 2009) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *McMahon v. Toto*, 256 F.3d 1120, 1131 (11th Cir. 2001)). For torts, Florida courts utilize a "most significant relationship test." *Id*  For contract claims, Florida courts utilize the rule of *lex loci contractus*. *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 992 F. Supp. 2d 1259, 1263 (S.D. Fla. 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Roach*, 945 So.2d 1160, 1163 (Fla. 2006)). Here, Defendant asserts that Florida law applies to all counts

A.  **Express Warranty (Count I)**

Defendant asserts three primary arguments in support of dismissal of Plaintiffs' express warranty claim. First, Defendant contends that the express warranty claim fails as a matter of law because Plaintiffs failed to give the requisite notice of the purported breach. Second, Defendant asserts that the express warranty's limitations bar the relief sought by Plaintiffs. Third, Defendant asserts that the express warranty is not void as unconscionable.

1.  **Whether Plaintiffs Provided Notice**

"To plead a cause of action for breach of express warranties under the Florida Uniform Commercial Code, a complaint must allege: (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; and (5) the injuries sustained by the buyer as a result of the breach of the express warranty." *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1339-40 (S.D. Fla. 2011) (internal footnote omitted) (citing *Dunham–Bush, Inc. v. Thermo–Air Serv., Inc.*, 351 So. 2d 351, 353 (Fla 4th DCA 1977)). "'[T]he buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy,'" and "[t]his notice requirement is a valid precondition of imposing liability on a seller of goods." *Gen. Matters, Inc. v. Paramount Canning Co.*, 382 So. 2d 1262, 1263-64 (Fla. 2d DCA 1980) (quoting Fla Stat. § 672.607(3)(a))). "[T]he burden is on the plaintiff to show that he gave the required notice within a reasonable time." *Id.* at 1264.

According to Defendant, Plaintiffs' allegations, if true, do not show that Plaintiffs provided the requisite notice. In response, Plaintiffs maintain that they have adequately alleged facts showing that Defendant received notice of the breach. With respect to the Notice

---

except for Counts V, VI and VII, which arise under Alabama, South Carolina, and Georgia statutes, respectively. *See* [DE 57 at 9 n.12]. Plaintiffs do not contest Defendant's assertion and repeatedly reference Florida law in their arguments. *See* [DE 58]. Thus, the Court finds that there is no dispute that Florida's choice of law rules lead to the application of Florida law as to all counts except Counts V, VI, and VII.

requirement, the Court has already determined that it was met by the Plaintiffs' contacts with service technicians, who then returned the parts to Rheem in accordance with the warranty protocol. *See* [DE 47 at 6-7]. The authority relied upon by Defendants for the proposition that "notice of generalized problems or concerns by an intermediary to a manufacturer" does not meet the notice requirement, [DE 64 at 3], is not binding on this Court. The Court again finds that the notice requirement has been sufficiently alleged.

### 2.     Whether the Warranty Limitations Bar the Requested Relief

"Under Florida law, a written warranty is treated as a contract between buyer and seller and therefore may, by its terms, limit the remedies available." *David v. Am. Suzuki Motor Corp.*, 629 F. Supp. 2d 1309, 1318-19 (S.D. Fla. 2009) (internal citations omitted) (collecting cases). Nevertheless, "even when the parties agree upon a particular remedy [via a warranty], resort can be had to the additional remedies of the UCC if the agreed-upon remedy fails of its essential purpose." *Parsons v. Motor Homes of Am., Inc.*, 465 So. 2d 1285, 1292 (Fla. 1st DCA 1985) (internal quotations omitted); *see also* Fla. Stat. § 672.719(2) ("Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this code.").

Defendant asserts that Plaintiffs' breach of warranty claims are limited to repair or replacement of Plaintiffs' Rheem Coils in accordance with the warranty. According to Defendant, therefore, Plaintiffs cannot obtain the monetary and declaratory relief sought through the Second Amended Complaint.

In response, Plaintiffs assert that the warranty is void because it has failed its essential purpose. Plaintiffs rely on allegations that Defendant substituted defective coils. The Court previously found that Plaintiffs failed to allege facts showing that the warranty is void for failing

6

its essential purpose, as the "allegations exhibit[ed] a functioning warranty that led to repairs, rather than a warranty that failed to provide Plaintiffs with meaningful recourse whenever their Rheem ACs ceased cooling." [DE 47 at 8]. Plaintiffs opine that the SAC notes that no plaintiff received a non-copper coil in the first instance of repair, and that the Plaintiffs incurred costs related to labor and refrigerant. The Court finds that the changes in allegations in the SAC do not overcome the Court's previous analysis.

### 3. Whether the Warranty Is Void As Unconscionable

A party must establish both procedural and substantive unconscionability in order to void a contract. *Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1134 (11th Cir. 2010) (collecting cases). "To determine whether a contract is procedurally unconscionable under Florida law, courts must look to: (1) the manner in which the contract was entered into; (2) the relative bargaining power of the parties and whether the complaining party had a meaningful choice at the time the contract was entered into; (3) whether the terms were merely presented on a 'take-it-or-leave-it' basis; and (4) the complaining party's ability and opportunity to understand the disputed terms of the contract." *Id.* at 1135. "Under Florida law, a central question in the procedural unconscionability analysis is whether the consumer has an absence of meaningful choice in whether to accept the contract terms." *Id.*

"[S]ubstantive unconscionability focuses on the terms of the agreement itself and whether the terms of the contract are 'unreasonable and unfair.'" *Id.* at 1139. The focus is "on those terms of the contract itself which amount to an outrageous degree of unfairness to the same contracting party. Florida generally defines substantive unconscionability in reference to an agreement no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." *Id.* (internal citations and quotations omitted).

The Court has already found that the warranty is not void as unconscionable. [DE 47 at 10]. As Defendants aptly note, Plaintiffs contend that the SAC contains additional facts establishing both procedural and substantive unconscionability, but do not cite to any such facts. *See* [DE 58-1 at 16]. The Court finds that Plaintiffs have not pled additional facts sufficient establish unconscionability.

For the foregoing reasons, the Court must dismiss Count I.

**B.** **Implied Warranty of Merchantability (Count II) and Implied Warranty of Fitness for a Particular Purpose (Count III)**

"[I]t is clear that under Florida law a plaintiff may not recover on a breach of implied warranty claim absent privity of contract." *Mardegan v. Mylan, Inc.*, No. 10–14285–CIV, 2011 WL 3583743, at *6 (S.D. Fla. Aug. 12, 2011); *see also David*, 629 F. Supp. 2d at 1321-23 (collecting cases). Plaintiffs rely on their allegation that Rheem requires technicians to return the defective coils to Rheem per the warranty to support their contention that there is privity. This is the same relationship that the Court has already found does not satisfy the privity requirement. *See* [DE 47 at 10-11]. Plaintiffs have failed to state claims for breaches of implied warranties, and the Court must dismiss Counts II and III.

**C.** **FDUTPA (Count IV)**

First, Defendant argues that the four-year statute of limitations bars the FDUTPA claim. FDUTPA claims are subject to a four-year statute of limitations, which accrues on the date of the sale of the subject product. *Matthews v. Am. Honda Motor Co., Inc.*, No. 12–60630–CIV, 2012 WL 2520675, at *3-4 (S.D. Fla. June 6, 2012); *S. Motor Co. of Dade Cnty. v. Doktorczyk*, 957 So. 2d 1215, 1218 (Fla. 3rd DCA 2007) (holding that FDUTPA claim accrued on the date of sale of the subject warranty, even though the plaintiff made additional warranty payments after that date). "It is well-settled there is no 'delayed discovery rule' applicable to FDUTPA claims."

*Speier-Roche v. Volkswagen Grp. of Am. Inc.*, No. 14–20107–CIV, 2014 WL 1745050, at *6 (S.D. Fla. Apr. 30, 2014) (citing *Marlborough Holdings Grp., Ltd. v. Azimut–Benetti*, 505 F. App'x 899, 906 (11th Cir. 2013)).

    Plaintiff Justice seeks to assert the FDUPTA claim individually and on behalf of the Florida Subclasses. With respect to Plaintiff Justice, Plaintiffs contend that the correct date of installation is in May 2010, which is noted in the Limited Warranty, attached to the SAC. The SAC itself states that the air conditioner was both purchased and installed in Plaintiff Justice's home in 2009. [DE 51 ¶¶ 51, 53]. Plaintiff cites to *David v. American Suzuki Motor Corp.*, 629 F. Supp. 2d 1309 (S.D. Fla. 2009) in support of looking to the warranty for the correct date of installation. In that case, the court found that it could consider a warranty which was referenced in the complaint and not in dispute, but was not attached as an exhibit to the complaint. *Id.* At 1313-14. Here, the warranty was attached as an exhibit, but does not comport with the dates found in the complaint. However, the Court can properly consider the complaint and attachments at the motion to dismiss stage. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). Therefore this Court can consider both the allegations on the face of the complaint and the attached warranty—the combination of which creates a factual question. Here, the Court cannot resolve the statute of limitations issue "at this stage of the litigation because such resolution would depend either on facts not yet in evidence or on construing factual ambiguities in the complaint in Defendants' favor, which would be inappropriate." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1252 (11th Cir. 2003). Defendant does not contest the remaining Plaintiffs' FDUPTA claims on statute of limitations grounds.

    Defendant also argues that Plaintiffs fail to allege a plausible claim under the FDUPTA, but rather "impermissibly rel[y] solely on "labels and conclusions." [DE 57 at 18] (internal

quotation marks omitted). This argument is similarly unavailing. In order to state a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Plaintiff must establish: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1347, 1355 (M.D. Fla. 2007) (citing *Rollins, Inc. v. Butland,* 951 So.2d 860, 869 (Fla. 2nd DCA 2006)). Plaintiffs allege that Rheem knew or should have known of the defects, did not disclose the defects to consumers, warranted that its products were free from defects, and limited Plaintiffs' ability to seek relief under the warranty. These are sufficient allegations of misrepresentation and deception such that they create an issue of fact. *See Suris v. Gilmore Liquidating, Inc.*, 651 So. 2d 1282, 1282 (Fla. 3d DCA 1995) (holding that the plaintiff had sufficiently alleged misleading and deceptive acts to create an issue of fact for the jury). The Court finds that Plaintiffs also sufficiently allege causation, as well as actual injury—including the cost of repairing the Rheem units and diminished value of the units due to their underlying defect. [DE 51 at ¶¶ 186, 187].

For the foregoing reasons, the Court will not dismiss Count IV.

D.   **ADTPA (Count V), SCUTPA (Count VI), and GFBPA (Count VII)**

Plaintiffs concede to the dismissal of their ADTPA, SCUTPA, and GFBPA counts. *See* [DE 58-1 at 23]. Accordingly, the Court will dismiss Counts V, VI, and VII.

E.   **Unjust Enrichment (Count VIII)**

The Court has previously found that Plaintiff's unjust enrichment claims are valid. Defendant argues that Plaintiffs allege the existence of an express contract (i.e., the warranty) and that the existence of that contract precludes the equitable relief of unjust enrichment. The Court again finds that Plaintiffs have adequately alleged facts showing that they conferred profits on Defendant by purchasing Rheem ACs, that Defendant retains those profits, and that such

retention is inequitable because the Rheem ACs contain defective Rheem Coils; and that it is unclear at this stage whether Plaintiffs may subsequently plead valid claims based on any applicable warranties. The Court will not dismiss Count VIII.

## F.      Declaratory Relief (Count IX)

Defendant provides the two reasons for dismissal of Plaintiffs' count for declaratory relief—both of which this Court has already addressed. First, Defendant asserts that declaratory relief is improper where the issues are properly raised in other counts of the pleadings. Second, Defendant asserts that Plaintiffs have failed to allege facts showing a substantial likelihood that Plaintiffs will suffer injury in the future.

The Court again finds that Plaintiffs have adequately stated a claim for declaratory relief. "Breach-of-contract and declaratory-relief claims may be pleaded alternatively," and "[i]f any inconsistencies exist, they can be dealt with at summary judgment or through jury instructions." *Ocean's 11 Bar & Grill, Inc. v. Indemnity Ins. Corp. of DC*, No. 11–61577–CIV, 2011 WL 3843931, at *3 (S.D. Fla. Aug. 26, 2011) (internal citations omitted). Moreover, "[i]n order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999).

Plaintiffs' declaratory judgment count is consistent with these principles. First, Plaintiffs' may plead in the alternative. Therefore, Plaintiffs' other causes of action do not—at least at this stage—preclude the assertion of a claim for declaratory judgment.

Second, Plaintiffs have adequately alleged facts demonstrating a substantial likelihood of injury in the future. Specifically, Plaintiffs allege that they possess defective Rheem ACs, which,

absent relief, will cease functioning after the expiration of any applicable warranties. Those allegations show future injury, namely that Plaintiffs will be without recourse when their Rheem ACs fail. Defendants point out that Plaintiffs allege that Rheem has not begun to use aluminum coils, which they argue eliminates any future harm. However, Plaintiff's allegations that they must pay for costs related to replacement of the coils indicates that even should a failed coil receive an aluminum replacement, there will still be harm. Thus, the Court will not dismiss Count IX.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 57] is **GRANTED IN PART AND DENIED IN PART**;

2. Counts I, II, III, V, VI, and VII are hereby **DISMISSED WITH PREJUDICE**[4]

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 11th day of December 2014.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record

---

[4] Under Rule 15, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has already provided Plaintiffs ample opportunity to replead in an attempt to remedy any curable deficiencies.